NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2812
_____

UNITED STATES OF AMERICA

v.

THOMAS ELLIOTT,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 11-cr-00295)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2013

Before:  AMBRO, HARDIMAN and COWEN, *Circuit Judges*.

(Filed:  April 17, 2013)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Thomas Elliott appeals the District Court's judgment of conviction and

sentence.  His attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738

(1967).  For the reasons that follow, we will grant counsel's motion to withdraw and

affirm the District Court's judgment.

I

On October 19, 2011, Elliott was indicted in the Middle District of Pennsylvania with one count of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The charge stemmed from three incidents in which Elliott either sold or offered to sell cocaine base to a confidential informant working for local law enforcement. Elliott eventually pleaded guilty pursuant to a plea agreement.

Because of his extensive criminal history, the Presentence Report defined Elliott as a career offender under section 4B1.1(a) of the United States Sentencing Guidelines (USSG or Guidelines). This determination resulted in a total offense level of 29[1] and a criminal history category of VI, yielding an advisory Guidelines range of 151 to 188 months' imprisonment.

Prior to the sentencing hearing, Elliott filed a memorandum in which he urged the District Court to vary downward from the Guidelines range. Elliott argued that the career offender Guideline (USSG § 4B1.1) was flawed in its promulgation and development, and resulted in advisory ranges considerably greater than necessary to meet the goals of

---

[1] Elliott's initial offense level was 32, *see* USSG § 4B1.1(b), but it was reduced by three levels for acceptance of responsibility pursuant to USSG § 3E1.1.

sentencing set forth in 18 U.S.C. § 3553(a). In addition, he argued that a sentence within the Guidelines range would be greater than necessary to account for his history and characteristics and to provide just punishment for the offense. At the sentencing hearing held on June 20, 2012, Elliott renewed these assertions. Nevertheless, after reviewing Elliott's criminal history and considering the factors set forth in 18 U.S.C. § 3553(a), the District Court determined that a downward variance was inappropriate and sentenced Elliott to 151 months' imprisonment followed by three years of supervised release.

Elliott filed a timely notice of appeal. Counsel now seeks to withdraw pursuant to *Anders*, asserting that there are no nonfrivolous issues for appeal. Elliott has not filed a pro se brief in opposition to counsel's brief. The Government has filed a brief supporting counsel's *Anders* motion.

## II

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Under *Anders*, we ask: (1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a); and (2) whether an independent review of the record presents any nonfrivolous issues. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (citing *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)).

A

To satisfy the first prong of *Anders*, counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *Youla*, 241 F.3d at 300. Counsel must accompany his motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. The brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." *Youla*, 241 F.3d at 300. Counsel need not raise and reject every possible claim; rather, he must "provide[] sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Id.* at 301 (quoting *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000)).

In his *Anders* brief, Elliott's counsel identifies two potential issues for appeal: (1) that Elliott's guilty plea was not knowing and intelligent; and (2) that Elliott's sentence was procedurally and substantively unreasonable. Counsel then explains why each is frivolous. With respect to the first issue, he notes that the District Court conducted a lengthy colloquy with Elliott that addressed all of the requirements set forth in Federal Rule of Criminal Procedure 11(b) for considering and accepting a guilty plea. With respect to the second issue, he cites the District Court's thoughtful consideration of Elliott's arguments and the detailed justifications the District Court gave for imposing its

4

sentence.

We are satisfied that counsel has conducted an adequate examination of the record and adequately explained that there are no nonfrivolous issues for appeal. *See Youla*, 241 F.3d at 300. Therefore, we conclude that the *Anders* brief is adequate.

B

"Where the *Anders* brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself.'" *Id.* at 301 (quoting *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996)). We consider each issue in turn, and find both to be without merit.

1

The first argument is that Elliott's guilty plea was invalid. The validity of a guilty plea is governed by standards set out in *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11. To pass constitutional muster, a guilty plea must be "intelligent and voluntary," *Boykin*, 395 U.S. at 242, and the defendant must be made aware of his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront accusers, *id.* at 243 & n.5. The District Court informed Elliott of these rights in a lengthy colloquy during the change of plea hearing on February 24, 2012, and notified him that by pleading guilty he was giving up those rights. Elliott acknowledged that he understood the consequences of pleading guilty and that he was

doing so knowingly and voluntarily. Furthermore, the District Court's colloquy satisfied the requirements of Federal Rule of Criminal Procedure 11. Thus, we see no nonfrivolous issues concerning the validity of Elliott's guilty plea.

2

The second argument is that Elliott's sentence was procedurally and substantively unreasonable. We can find no basis to conclude that the District Court abused its discretion in sentencing Elliott.

With respect to procedural reasonableness, the District Court engaged in the three-step sentencing analysis we established in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Furthermore, it followed the procedures announced in *Gall v. United States*, 552 U.S. 38, 50–51 (2007), by giving meaningful consideration to the pertinent sentencing factors embodied in 18 U.S.C. § 3553(a).

If a sentence is procedurally sound, it is also considered substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Here, the District Court cited Elliott's extensive criminal history (sixteen prior juvenile and adult convictions, eleven of which were for crimes involving violence or drugs), observed that Elliott had returned to drug dealing within a month of being released from a 140-month sentence, and found that a

sentence within the Guidelines range would best satisfy the goals of sentencing. Finally, with respect to the arguments raised in Elliott's sentencing memorandum and reasserted by defense counsel during the sentencing hearing, the District Court acknowledged that it had given thoughtful consideration to those arguments, but nevertheless concluded that a sentence within the Guidelines range was appropriate. These considerations are not unreasonable.

C

Pursuant to the second prong of *Anders*, we have conducted an independent review of the record and find that there are no appealable issues of merit.

III

For the foregoing reasons, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw pursuant to *Anders*.